DANIEL G. BOGDEN
United States Attorney
ELIZABETH O. WHITE
Appellate Chief and
Assistant United States Attorney
100 West Liberty, Suite 600
Reno, Nevada
775-784-5438

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>JULIO ESPINOZA-DE JESUS, )<br>  )<br>  Defendant. ) | 2:04-cr-270-RCJ-LRL |

**JOINT STIPULATION FOR A SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. § 3582(c)(2)**

The United States of America, by Assistant United States Attorney Elizabeth O. White, and Defendant Julio Espinoza-De Jesus, by Assistant Federal Public Defender Nisha Brooks-Whittington, submit the following Joint Stipulation for Discretionary Relief pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree and stipulate to the following:

1

A.     **Material Facts in Support of Joint Stipulation**

1.     Defendant was previously convicted and sentenced for offenses involving controlled substances.

2.     On December 14, 2007, this Court entered an amended judgment sentencing Defendant to four concurrent terms of 160 months' imprisonment for distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) (counts 1-3) and possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and (b)(1)(A)(viii) (count 4); and a concurrent term of 120 months' imprisonment for possession of a firearm by an illegal alien in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). This Court ordered those sentences to run concurrent with each other, but consecutive to Defendant's sentence in Nevada case number C176651. *See* Docs. #64.

3.     This Court previously found: (a) that Defendant's total offense level was 33; (2) that Defendant's criminal history category was II; and (c) that the guidelines sentencing range was 151-188 months' imprisonment. This Court imposed a total sentence of 160 months, nine months above the low end of the guidelines range.

4.     Following imposition of this sentence, the U.S. Sentencing Commission promulgated Amendment 782, which took effect on November 1, 2014. Amendment 782 (a) reduces the guidelines offense levels across all drug types; and (b) with certain limitations, applies retroactively to defendants sentenced prior to November 1, 2014.

5.  Defendant seeks a discretionary reduction in sentence pursuant to Amendment 782, and in accordance with 18 U.S.C. § 3582(c)(2) which (among other things) provides that, in certain circumstances, a sentencing court "may reduce the term of imprisonment."

**B.  Terms of Sentence Reduction Under 18 U.S.C. § 3582(c)(2)**

Defendant is eligible for a discretionary reduction to the guideline imprisonment range, and the parties agree that a reduction is appropriate. Pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 782: (a) Defendant's revised total offense level is 31; (b) Defendant's criminal history category remains II; and (c) the revised advisory guidelines sentencing range is 121-151 months' imprisonment. Based on the foregoing, the parties jointly recommend that Defendant's federal sentence be reduced to 130 months' imprisonment, a sentence nine months above the low end of the revised guidelines range. Specifically, the parties recommend that the Court sentence Defendant to 130 months' imprisonment on counts 1-4 and 120 months' imprisonment on count 6, with those sentences to run concurrent with each other, but consecutive to Defendant's sentence in Nevada case number C176651.

**C.  Waivers; Review and Consent of Defendant**

1.  Defendant knowingly and voluntarily waives any right to appeal any aspect of the revised sentence, *except that*, if the revised sentence exceeds the recommended term of 130 months, Defendant may appeal that aspect of the revised sentence. *See* Declaration, attached as Exhibit 1.

2. Defendant (a) waives any right he may have to a hearing on his motion under 18 U.S.C. § 3582(c)(2); (b) waives any right he may have to attend such a hearing; (c) has reviewed this stipulation with defense counsel; and (d) agrees with and consents to this stipulation. *See* Declaration, attached as Exhibit 1.

### D. Addendum to PSR

The parties jointly request, for purposes of this Court's adjudication of Defendant's pending motion under 18 U.S.C. § 3582(c)(2), that this Court direct the United States Probation Office to submit an addendum to the Presentence Investigation Report (PSR), confirming Defendant's revised guidelines imprisonment range and describing any public safety factors (including Defendant's institutional history) relevant to this Joint Stipulation and discretionary relief under 18 U.S.C. § 3582(c)(2).

### E. Acknowledgment of Reserved Rights

Notwithstanding this Joint Stipulation, the United States expressly preserves and does not waive its contentions that a defendant seeking relief under 18 U.S.C. §

3582(c)(2) has no constitutional or statutory right to counsel, to a hearing on the motion, or to be present at any hearing on the motion.

                                  Respectfully submitted,

                                  DANIEL G. BOGDEN
                                  United States Attorney

DATED: 12/24/2014            *s/ Elizabeth O. White*
                                  Elizabeth O. White
                                  Appellate Chief and
                                  Assistant United States Attorney

                                  RENE L. VALLADARES
                                  Federal Public Defender

DATED: 12/24/2014            *s/ Nisha Brooks-Whittington*
                                  Nisha Brooks-Whittington
                                  Assistant Federal Public Defender
                                  *Counsel for Defendant*
                                  *Julio Espinoza-De Jesus*

ORDER

IT IS SO ORDERED this 30th day of December, 2014.

_____
ROBERT C. JONES

5